# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TURNQUIST,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CASE NO. 1:12-CR-0173 AWI<br><br>ORDER ON PETITIONER'S 28 U.S.C. § 2241 PETITION<br><br>(Doc. No. 86) |

On August 18, 2014, Petitioner pled guilty to violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), possession with intent to distribute and/or distribution of methamphetamine. See Doc. Nos. 52, 54. On March 3, 2015, Petitioner was sentenced to a term of 120 months in custody and 48 months supervised release. See Doc. Nos. 67, 68.

On May 31, 2018, the Court issued an order regarding a judicial recommendation for placement in residential re-entry center/halfway house. See Doc. No. 85. The Court granted Petitioner's request for a recommendation and recommended that the be placed in a halfway house for a period of 12 months preceding the end of his sentence. See id. However, the Court emphasized that the order was merely a recommendation that was based solely on the content of Petitioner's motion, and that "any determination [regarding placement in a halfway house] will be independently done by the BOP pursuant to applicable law, policy, and its own information and investigation of this matter." Id.

On March 11, 2019, Petitioner file a document entitled, "Motion Requesting Court To Enforce Previous Court Order [Doc. No. 85] 'Recommendation For Placement In A Residential Re-Entry Center (RRC)/Halfway House Of Twelve (12) months Pre-Release'; Also To Enact the Criterias Of The New 'First Step Act.'" Doc. No. 86.[1] In this motion, petitioner states that his filing should be construed as a request for relief under 28 U.S.C. § 2241, he should get the benefits of extra good-time credits under the First Step Act, and the BOP does not appear to be taking steps to secure him bed-space in a halfway house, contrary to the Court's order. Id.

There are a number of flaws with Petitioner's motion. First, Petitioner has filed his § 2241 petition in the wrong court. A § 2241 petition must be addressed to the district court where the petitioner is in custody. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). When Petitioner filed this motion, he was (and remains) incarcerated in Springfield, Missouri. Because Petitioner is not incarcerated in the Eastern District of California, this Court does not have jurisdiction to grant Petitioner any relief under § 2241. See Stephens, 464 F.3d at 897; Giddings, 740 F.2d at 772; Brown, 610 F.2d at 677. Second, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1046 (9th Cir. 2012). Here, Petitioner does not address any efforts to exhaust judicial or administrative remedies. Third, the good time credit provisions of the First Step Act have not yet become effective. See United States v. Watts, 2019 U.S. Dist. LEXIS 38020, *3-*4 (N.D. Ill. Mar. 11, 2019) (noting that good time credit provisions will not become effective until July 2019); Schmutzler v. Quintana, 2019 U.S. Dist. LEXIS 26433, *4 (E.D. Ky. Feb. 20, 2019) (same). Finally, with respect to the Court's May 31, 2018 order, that order merely recommended placement in a halfway house, the order did not mandate placement. The order expressly stated that the decision whether to place Petitioner in a halfway house rested within the discretion of the Bureau of Prisons.

In sum, there is no basis to grant Petitioner's motion.

---

[1] The motion has been docketed in the Court's Docket as a motion for relief under the First Step Act. Based on the motion's express representation, the Court will treat the motion as a § 2241 petition and order the Clerk to change the docket to reflect that the motion is a § 2241 petition.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall correct the docket to reflect that Doc. No. 86 is a 28 U.S.C. § 2241 habeas petition; and

2. Due to this Court's lack of jurisdiction, Petitioner's 28 U.S.C. § 2241 petition (Doc. No. 86) is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2019

_____
SENIOR DISTRICT JUDGE